(Del. Rev. 11/14) Pro Se General Complaint Form

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Terri Michelle Reylek

91 Brian Drive

Dover, DE 19904, 760-672-0986

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

State Election Commissioner ex officio

Anthony J. Albence

820 North French Street

Wilmington, DE 19801

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section I. Do not include addresses here.)*

Civ. Action No. **23 - 932**

(To be assigned by Clerk's Office)

# COMPLAINT
(Pro Se)

Jury Demand?
☐ Yes
☒ No



---

## NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

If this is an employment discrimination claim or social security claim, please use a different form.

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

Page **1** of 8

(Del. Rev. 11/14) Pro Se General Complaint Form

## I.    PARTIES IN THIS COMPLAINT

### Plaintiff

*List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.*

| Plaintiff: | Terri Michelle Reylek | | |
|---|---|---|---|
| | Name (Last, First, MI) | | |
| | 91 Brian Drive | | |
| | Street Address | | |
| | Kent County,  Dover | DE | 19904 |
| | County, City | State | Zip Code |
| | 760-672-0986 | sweety_dunham@yahoo.com | |
| | Telephone Number | E-mail Address (if available) | |

### Defendant(s)

*List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

| Defendant 1: | Albence, Anthony J. | | |
|---|---|---|---|
| | Name (Last, First) | | |
| | 820 North French Street | | |
| | Street Address | | |
| | Wilmington | DE | 19801 |
| | County, City | State | Zip Code |
| Defendant 2: | | | |
| | Name (Last, First) | | |
| | | | |
| | Street Address | | |
| | | | |
| | County, City | State | Zip Code |

(Del. Rev. 11/14) Pro Se General Complaint Form

## Defendant(s) Continued

Defendant 3:    _____

               Name (Last, First)

               _____

               Street Address

               _____

               County, City          State          Zip Code

Defendant 4:    _____

               Name (Last, First)

               _____

               Street Address

                _____

               County, City          State          Zip Code

## II.    BASIS FOR JURISDICTION

*Check the option that best describes the basis for jurisdiction in your case:*

☐ **U.S. Government Defendant:** United States or a federal official or agency is a defendant.

☐ **Diversity of Citizenship:** A matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000.

☒ **Federal Question:** Claim arises under the Constitution, laws or treaties of the United States.

If you chose "Federal Question", state which of your federal constitutional or federal statutory rights have been violated.

USC § 20510 (b) 1-3 and 52 USC § 20510 (d)

42 U.S. Code § 1983

The Help America Vote Act (HAVA) of 2002

(Del. Rev. 11/14) Pro Se General Complaint Form

## III.   VENUE

*This court can hear cases arising out of the Counties of New Castle, Kent, and Sussex in the State of Delaware.*

*Under 28 U.S.C § 1391, this is the right court to file your lawsuit if: (1) All defendants live in this state AND at least one of the defendants lives in this district; OR (2) A substantial part of the events you are suing about happened in this district; OR (3) A substantial part of the property that you are suing about is located in this district; OR (4) You are suing the U.S. government or a federal agency or official in their official capacities and you live in this district. Explain why this district court is the proper location to file your lawsuit.*

Venue is appropriate in this Court because:

I, Terri Michelle Reylek, live in the State of Delaware, Kent County. All of the events regarding this suit happened within Kent County Delaware. The purpose of this civil action is to reclaim my right of suffrage, the right to "free" and "fair" elections. I am suing the Election Commissioner of Delaware, in his official capacity. Per USC § 20510 (b) 1-3 and 52 USC § 20510 (d), the Delaware District Court is the proper venue for this lawsuit, it establishes my private right of action and remedy.

## IV.   STATEMENT OF CLAIM

| Place(s) of occurrence: | Kent County, Delaware |
|---|---|

2020 - July 7, July 21, September 15, November 3   2022 - September 13, September 14, November 8,
2021 - May 11, April 20, May 10,                   2023 - April 18, 2023; May 9, 2023.
Date(s) of occurrence:

**Note: The next election slated for Kent County, Delaware is scheduled for April, 2024.**

*State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions.*

**FACTS:**

1) Election Commissioner of Delaware, in his official capacity, has ignored facts proving that the election machines/systems utilized in Delaware elections are not certified in

| What happened to you? |
|---|

compliance with Federal and State code. Plaintiff asserts: that the use of unlawfully certified electronic voting machines in elections, which have countless documented security vulnerabilities, and which do not have transparent processes for the public to view, violate the individual and private rights of Plaintiff to participate in free (not under the control of others) and fair (free from suspicion or bias; reasonable) elections. If voters are unable to verify that their intended

(Del. Rev. 11/14) Pro Se General Complaint Form

vote is tabulated accurately in the voting systems, and if Defendants fail to show verifiable evidence of tabulated accuracy, elections conducted in this manner are neither free nor fair. This lack of action, on the part of Election Commissioner of Delaware, in his official capacity, violates The Help America Vote Act (HAVA) of 2002, Section 2 of the Voting Rights Act, along with Delaware Codes 15 Del. C. §§ 5000A and 5001A(11)(c). The merits have been proven, and the Election Commissioner of Delaware, in his official capacity, admitted to the violation in Reylek v. Albence, Kent Superior Court K22M-07-010 NEP .

2) According to a list of the Delaware state's own requirements posted on the EAC's website 27 and the U.S. Election Assistance Commission Voting System Testing and Certification Program, the State of Delaware participates as set forth: "Requires federal certification. DE requires that its voting systems are certified by either the EAC of NASED as meeting either the FEC or EAC's voluntary voting systems standards or guidelines." DE requires, "A voting device or system purchased by the State must be certified by the United States Election Assistance Commission, or designated federal authority, as meeting or exceeding the voluntary voting system standards or guidelines as promulgated by the United States Election Assistance Commission, or designated federal authority, before delivery to and acceptance by the State." Delaware also requires, "All voting systems must first be certified by the United States Election Assistance Commission or designated federal authority prior to delivery to Delaware. Before an electronic voting system is acquired or used in the state, the owner or manufacturer of the voting device must give an adequate guarantee in writing. They must also post a bond accompanied by satisfactory surety with the State Election Commissioner guaranteeing and securing that the voting device complies with the requirements of 15 DE Code § 5001A and will correctly and accurately record every vote cast, guaranteeing the device against defects for a period of 5 years from the date of acquisition or rental."

Was anyone else involved?

3) Defendant; Anthony J. Albence has violated federal and constitutional laws. Defendants violations include the following: Defendant certified not only the 2020 election results, but also every election since, despite the use of unlawfully certified voting systems to obtain election results. Defendant was remiss in his official duties acting under the color of law and is in violation of HAVA in not acknowledging the expiration of the certification of accreditations of VSTLs or the lack of legal signature per HAVA, thereby allowing voting machines to be used

(Del. Rev. 11/14) Pro Se General Complaint Form

in county elections since 2020. Defendant, acting under the color of law, administered elections with non- HAVA compliant voting system equipment, software, and modifications for the state of Delaware to be used in local, state, and federal elections in that occurred after September 17, 2018. These systems remain unlawfully "certified" to date.

4) The federally protected right to vote is not just related to the right to CAST a vote. It is the right to ELECT our government. The entire process must be guaranteed. Anything that circumvents that process is inherently infringing upon the right we have to pursue life, liberty, and happiness. "No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live. Other rights, even the most basic, are illusory if the right to vote is undermined." Wesberry v. Sanders, 376 U.S. 1, 10 (1964).
In addition, lawful elections are the backbone of our local, state, and federal government.

5) The right to vote is protected by the Equal Protection Clause and the Due Process Clause alongside the 1st and 15th Amendments, which guarantees we will not be denied the right to cast our ballots by malicious and/or conspiring actors. Because "the right to vote is personal," Reynolds, 377 U.S. at 561-62. "[e]very voter in a federal ... election, whether he votes for a candidate with little chance of winning or for one with little chance of losing, has a right under the Constitution to have his vote fairly counted."

Who did what?

(Del. Rev. 11/14) Pro Se General Complaint Form

## V.    INJURIES

*If you sustained injuries related to the events alleged above, describe them here.*

Invasion/violation of Plaintiffs individual and private 1st and 15th Amendment U.S. Constitutional Rights and of the following federal statutory rights: USC § 20510 (b) 1-3 and 52 USC § 20510 (d); 42 U.S. Code § 1983; The Help America Vote Act (HAVA) of 2002 and Section 2 of the Voting Rights Act. My affidavit 28 proves that my vote was diluted, in violation of Section 2 of the Voting Rights Act. In order to cast my vote, I was forced to use potentially vulnerable, and proven illegal voting machines/systems during multiple elections causing me duress. My faith in effective governance is forever tarnished. Plaintiff dedicated a substantial degree of her personal time, energy, and resources in order to collect, analyze, and synthesize various source materials, and send them to the Defendant to potentially effect remedy outside of the judicial system. Due to the lack of action on the part of the Defendant, options for potential relief and restoration of my private voting rights were limited to the courts.

(Continued within attached documents)

## VI.    RELIEF

The relief I want the court to order is:

☐    Money damages in the amount of:  $ _____

☒    Other (explain):

In Reylek v. Albence, Kent Superior Court K22M-07-010 NEP , Actual Controversy, Ripeness, Standing, lack of Mootness, and the Merits of the case have been proven. The injunctive relief was denied due to Delaware precedent regarding the Writ of Mandamus as a judicial vehicle. The relief requested to the District Court of Delaware is the injunctive relief denied by the Superior Court of Kent County, Delaware.

1) Plaintiff respectfully requests the Court to grant an emergency injunction that the ES&S voting system/machines in the State of Delaware NOT be used for another election until the issues regarding the voting system/machines certifications can be publicly rectified.

2) Plaintiff respectfully requests the Court to grant an emergency injunction, that all of the data and/or information of the voting systems and/or equipment from the 2020 elections forward be preserved intact without tampering, nor deletion.

3) Plaintiff respectfully requests the Court grant an emergency temporary restraining order for the State Election Commissioner ex officio, Anthony J. Albence, and the Department of Elections to preserve all election records/ballots/documentation/correspondence from 2020 forward.

(Del. Rev. 11/14) Pro Se General Complaint Form

## VII.  CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; and (3) complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

8/25/2023
_____
Dated

_____
Plaintiff's Signature

Reylek,  Terri Michelle
_____
Printed Name (Last, First, MI)

| 91 Brian Drive | Dover, | DE | 19904 |
|---|---|---|---|
| Address | City | State | Zip Code |

| 760-672-0986 | sweety_dunham@yahoo.com |
|---|---|
| Telephone Number | E-mail Address (if available) |

*List the same information for any additional plaintiffs named. Attach additional sheets of paper as necessary.*

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

# UNITED STATES DISTRICT COURT

for the

## District of Delaware

Terri Michelle Reylek

91 Brian Drive

Dover, DE 19904, 760-672-0986,

Plaintiff                                                    Civ. Action No.: **23 - 9 3 2**

      -V-

State Election Commissioner ex officio

Anthony J. Albence

Carvel State Office Building

820 North French Street

Wilmington, DE 19801,

Defendant



1

**COMPLAINT ADDITIONAL PAGES**

Terri Michelle Reylek, filing pro se, does hereby submit this complaint to the District Court of the State of Delaware, on this date, August 25, 2023. Concurrent case in Kent County Superior Court, case no. K22M-07-010 NEP.

## II.    BASIS FOR JURISDICTION

Federal Question:

USC § 20510 (b) 1-3 and 52 USC § 20510 (d), "(b)Private right of action (1)A person who is aggrieved by a violation of this chapter may provide written notice of the violation to the chief election official of the State involved.

(2)If the violation is not corrected within 90 days after receipt of a notice under paragraph (1), or within 20 days after receipt of the notice if the violation occurred within 120 days before the date of an election for Federal office, the aggrieved person may bring a civil action in an appropriate district court for declaratory or injunctive relief with respect to the violation. (3) If the violation occurred within 30 days before the date of an election for Federal office, the aggrieved person need not provide notice to the chief election official of the State under paragraph (1) before bringing a civil action under paragraph (2)."

2

42 U.S. Code § 1983, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

The Help America Vote Act (HAVA) of 2002, "HAVA mandates that EAC test and certify voting equipment"[1]

Plaintiff has cause to bring action under the following laws and case law:

cause of action recognized in Ex parte Young, 209 U.S. 123 (1908) as well as its progeny to challenge government officers during an "ongoing violation of federal law and [to] seek[] prospective relief" under the equity jurisdiction conferred on

---

[1] https://www.eac.gov/about/help_america_vote_act.aspx

3

federal district courts by the Judiciary Act of 1789.

Defendant acted under color of Delaware law when Defendant knowingly and

willfully: (a) neglected to uphold the U.S. Constitution (b) had foreknowledge of

the events unfolding, (c) chose to perpetrate unconstitutional measures by violating

federal election laws and voting rights, (d) all of which constitutes a breach of

contract through the violations of their Oaths of Office (Plaintiffs have previously

and continue to explicitly express consent to all provisions included in the U.S.

Constitution, satisfying the consent requirement for the Constitution to be

considered a contract in this situation by law).

As a result of the above-mentioned actions of the Defendant, the quality,

accuracy, and effectiveness of the Plaintiffs' expression of their will, intent, and

consent of their vote has and will continue to be impaired and is entitled to remedy

under the U.S. Constitution Guarantee Clause.[2] "The elective mode of obtaining

rulers is the characteristic policy of a republican government."

## III.   VENUE

---

[2] https://avalon.law.yale.edu/18th_century/fed57.asp The Federalist No. 57 (Last visited 9/8/22)

4

Venue is appropriate in this Court because I, Terri Michelle Reylek, live in the State of Delaware, Kent County. All of the events regarding this suit happened within Kent County Delaware. The purpose of this civil action is to reclaim my right of suffrage, the right to "free" and "fair" elections. I am suing the Election Commissioner of Delaware, in his official capacity. Per USC § 20510 (b) 1-3 and 52 USC § 20510 (d), the Delaware District Court is the proper venue for this lawsuit, it establishes my private right of action and remedy.

## IV.   STATEMENT OF CLAIM

**TIMELINE**

September 17, 2018: ES&S machines/systems were approved for use and anticipated for school board elections in 2019 school board elections.[3]

June 19, 2019: Anthony J. Albence is appointed Election Commissioner of the State of Delaware[4]

July 7, 2020: Presidential Primary Election[5]

July 21, 2020: School Board Elections[6]

September 15, 2020: Primary Election[7]

---

[3] https://www.delawareonline.com/story/news/politics/2018/09/17/delawares-first-new-voting-machines-decades-their-way/1338135002/
[4] https://electionacademy.lib.umn.edu/2019/07/22/anthony-albence-is-new-delaware-state-election-director/
[5] Exhibit K
[6] Exhibit K
[7] Exhibit K

November 3, 2020: General Election[8]

May 11, 2021: School Board Elections[9]

March 01, 2022, 5:06 PM: Plaintiff emailed an unrefuted affidavit to the Defendant that proves the vulnerability and lack of proper EAC Certification for the Delaware ES&S Voting machines/systems.[10] Within that email was a request for review of the provided information.

April 20, 2021: Municipal Elections[11]

May 10, 2022: School Board Elections[12]

June 30, 2022, 7:38 AM: Plaintiff emailed[13] an unrefuted Declaration by J. Alex Halderman[14], with a detailed explanation of the vulnerabilities of the ES&S machines/systems used for Delaware elections. Included was another request to review, digest, and investigate the information provided.

July 19, 2022: A writ of mandamus was filed in the Kent County Superior Court, challenging the Defendant and the uncertified ES&S machines/systems used in Delaware.[15]

August 2, 2022: Defendant was served, via Kent County Sheriff, a Pro Se lawsuit, at the office of the Delaware Election Commissioner.[16][17]

August 30, 2022: A notice of active litigation and demand for records retention was sent via email and First-Class Postal Service to the Defendant.[18]

---

[8] Exhibit K

[9] Exhibit L

[10] Exhibit A & B

[11] Exhibit O

[12] Exhibit M

[13] Exhibit C

[14] Exhibit D

[15] https://courtconnect.courts.delaware.gov/cc/cconnect/ck_public_qry_doct.cp_dktrpt_frames?backto=P&case_id=K22M-07-010&begin_date=&end_date=

[16] https://courtconnect.courts.delaware.gov/cc/cconnect/ck_public_qry_doct.cp_dktrpt_frames?backto=P&case_id=K22M-07-010&begin_date=&end_date=

[17] Exhibit E

[18] Exhibit F, G & H

September 7, 2022: The writ of mandamus was refiled in the Kent County Superior Court, challenging the Defendant and the uncertified ES&S machines/systems used in Delaware.[19]

September 13, 2022: Primary Election[20]

September 14, 2022: Defendant was served, via New Castle County Sheriff, a Pro Se lawsuit, at the office of the Delaware Department of Justice, Civil Division.[21][22]

November 8, 2022: General Election[23]

March 28, 2023: Defendant admits to the merits of the case.[24]

> Petition to establish that her claims are ripe. She contends that "Delaware's electronic voting machines are not properly certified by the United States Election Assistance Commission ("EAC"), in violation of 15 *Del. C.* § 5001A."[18] And she seeks declaratory judgment "that NO [sic] voting systems/machines are legal for use in Delaware elections unless they are legally certified ... and meet all the requirements outlined in the Help America Vote Act (HAVA) of 2002[.]"[19] Missing from the Amended Petition, however, is any allegation of an imminent Delaware election that will use the allegedly uncertified voting machines. The uncertified machines also may very well be properly certified or replaced with certified machines between now and an unknown future election date. Reylek's claims,

April 18, 2023: Municipal Elections[25]

May 9, 2023: School Board election[26]

---

[19] https://courtconnect.courts.delaware.gov/cc/cconnect/ck_public_qry_doct.cp_dktrpt_frames?backto=P&case_id=K22M-07-010&begin_date=&end_date=

[20] Exhibit M

[21] https://courtconnect.courts.delaware.gov/cc/cconnect/ck_public_qry_doct.cp_dktrpt_frames?backto=P&case_id=K22M-07-010&begin_date=&end_date=

[22] Exhibit E

[23] Exhibit M

[24] Exhibit I, Pg. 4

[25] Exhibit P

[26] Exhibit N

July 19, 2023: His Honorable Noel Primos acknowledges actual controversy, ripeness and the admission of the merits of the case by the Defendant.[27]


**FACTS**

1. Election Commissioner of Delaware, in his official capacity, has ignored facts proving that the election machines/systems utilized in Delaware elections are not certified in compliance with Federal and State code. Plaintiff asserts: that the use of unlawfully certified electronic voting machines in elections, which have countless documented security vulnerabilities, and which do not have transparent processes for the public to view, violate the individual and private rights of Plaintiff to participate in free (not under the control of others) and fair (free from suspicion or bias; reasonable) elections. If voters are unable to verify that their intended vote is tabulated accurately in the voting systems, and if Defendants fail to show verifiable evidence of tabulated accuracy, elections conducted in this manner are neither free nor fair. This lack of action, on the part of Election Commissioner of Delaware, in his official capacity, violates The Help America Vote Act (HAVA) of 2002, Section 2 of the Voting Rights Act, along with Delaware Codes 15 Del. C. §§ 5000A and 5001A(11)(c). The

---

[27] Exhibit J, Pg.'s 13-14

merits have been proven, and the Election Commissioner of Delaware, in his official capacity, admitted to the violation in *Reylek v. Albence, Kent Superior Court K22M-07-010 NEP.*[28]

2. According to a list of the Delaware state's own requirements posted on the EAC's website[29] and the U.S. Election Assistance Commission Voting System Testing and Certification Program, the State of Delaware participates as set forth: "Requires federal certification. DE requires that its voting systems are certified by either the EAC of NASED as meeting either the FEC or EAC's voluntary voting systems standards or guidelines." DE requires, "A voting device or system purchased by the State must be certified by the United States Election Assistance Commission, or designated federal authority, as meeting or exceeding the voluntary voting system standards or guidelines as promulgated by the United States Election Assistance Commission, or designated federal authority, before delivery to and acceptance by the State." Delaware also requires, "All voting systems must first be certified by the United States Election Assistance Commission or designated federal authority prior to delivery to Delaware. Before an electronic voting system is acquired or used in the state, the owner or

---

[28] Exhibit I, Pg. 4
[29] https://www.eac.gov/sites/default/files/TestingCertification/State_Requirements_for_Certification09042020.pdf

9

manufacturer of the voting device must give an adequate guarantee in writing. They must also post a bond accompanied by satisfactory surety with the State Election Commissioner guaranteeing and securing that the voting device complies with the requirements of 15 DE Code § 5001A and will correctly and accurately record every vote cast, guaranteeing the device against defects for a period of 5 years from the date of acquisition or rental."

## DELAWARE

| | |
|---|---|
| *State Participation:* | **Requires federal certification.** DE requires that its voting systems are certified by either the EAC of NASED as meeting either the FEC or EAC's voluntary voting systems standards or guidelines. |
| *Applicable Statute(s):* | "A voting device or system purchased by the State must be certified by the United States Election Assistance Commission, or designated federal authority, as meeting or exceeding the voluntary voting system standards or guidelines as promulgated by the United States Election Assistance Commission, or designated federal authority, before delivery to and acceptance by the State." 15 DE Code § 5001A(c) (2019) |
| *Applicable Regulation(s):* | N/A |
| *State Certification Process:* | All voting systems must first be certified by the United States Election Assistance Commission or designated federal authority prior to delivery to Delaware. Before an electronic voting system is acquired or used in the state, the owner or manufacturer of the voting device must give an adequate guarantee in writing. They must also post a bond accompanied by satisfactory surety with the State Election Commissioner guaranteeing and securing that the voting device complies with the requirements of 15 DE Code § 5001A and will correctly and accurately record every vote cast, guaranteeing the device against defects for a period of 5 years from the date of acquisition or rental. 15 DE Code § 5001A and 15 DE Code § 5002A (2019) |

3. Defendant; Anthony J. Albence has violated federal and constitutional laws. Defendant's violations include the following: Defendant certified not only

10

the 2020 election results, but also every election since, despite the use of unlawfully certified voting systems to obtain election results. Defendant was remiss in his official duties acting under the color of law and is in violation of HAVA in not acknowledging the expiration of the certification of accreditations of VSTLs or the lack of legal signature per HAVA, thereby allowing voting machines to be used in county elections since 2020. Defendant, acting under the color of law, administered elections with non-HAVA compliant voting system equipment, software, and modifications for the state of Delaware to be used in local, state, and federal elections in that occurred after September 17, 2018. These systems remain unlawfully "certified" to date.

4. The federally protected right to vote is not just related to the right to CAST a vote. It is the right to ELECT our government. The entire process must be guaranteed. Anything that circumvents that process is inherently infringing upon the right we have to pursue life, liberty, and happiness. "No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live. Other rights, even the most basic, are illusory if the right to vote is undermined." Wesberry v. Sanders, 376 U.S. 1, 10 (1964).

5. In addition, lawful elections are the backbone of our local, state, and federal

11

government. The right to vote is protected by the Equal Protection Clause and the Due Process Clause alongside the 1st and 15th Amendments, which guarantees we will not be denied the right to cast our ballots by malicious and/or conspiring actors. Because "the right to vote is personal," Reynolds, 377 U.S. at 561-62. "[e]very voter in a federal ... election, whether he votes for a candidate with little chance of winning or for one with little chance of losing, has a right under the Constitution to have his vote fairly counted."

## V.   INJURIES

Invasion/violation of Plaintiff's individual and private 1st and 15th Amendment U.S. Constitutional Rights and of the following federal statutory rights: USC § 20510 (b) 1-3 and 52 USC § 20510 (d); 42 U.S. Code § 1983; The Help America Vote Act (HAVA) of 2002 and Section 2 of the Voting Rights Act.

My affidavit[30] proves that my vote was diluted, in violation of Section 2 of the Voting Rights Act. In order to cast my vote, I was forced to use potentially vulnerable, and proven illegal voting machines/systems during multiple elections causing me duress. My faith in effective governance is forever tarnished. Plaintiff dedicated a substantial degree of her personal time, energy, and resources in order

---

[30] Exhibit Q

12

to collect, analyze, and synthesize various source materials, and send them to the Defendant to potentially affect remedy outside of the judicial system. Due to the lack of action on the part of the Defendant, options for potential relief and restoration of my private voting rights were limited to the courts. With limited resources and a lack of availability of lawyers who would take a case of this nature, even more time, energy, and resources were expended to navigate the

unfamiliar waters of self-representation in a court of law. This particular injury has also resulted in decreased quality time with friends and family, and in particular, less time to maintain my home, inside and out, after my workday of full-time employment is complete.


## VI.   RELIEF

In *Reylek v. Albence, Kent Superior Court K22M-07-010 NEP*, Actual Controversy, Ripeness, Standing, lack of Mootness, and the Merits of the case have been proven. The injunctive relief was denied due to Delaware precedent regarding the Writ of Mandamus as a judicial vehicle. The relief requested to the District Court of Delaware is the injunctive relief denied by the Superior Court of Kent County, Delaware.

Plaintiff respectfully requests the Court to grant an emergency injunction that the ES&S voting system/machines in the State of Delaware NOT be used for another election until the issues regarding the voting system/machines certifications can be publicly rectified.

Plaintiff respectfully requests the Court to grant an emergency injunction, that all of the data and/or information of the voting systems and/or equipment from the July 7, 2020 elections forward be preserved intact without tampering, nor deletion.

Plaintiff respectfully requests the Court grant an emergency temporary restraining order for the State Election Commissioner ex officio, Anthony J. Albence, and the Department of Elections to preserve all election records/ballots/documentation/correspondence from July 7, 2020 forward.

14