**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TERRI REYLEK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-932 (JLH) |
| | ) |
| ANTHONY J. ALBENCE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Terri Reylek, Dover, Delaware, Pro Se Plaintiff.

Nicholas D. Picollelli, Jr., Esq., Delaware Department of Justice, Defensive Litigation Unit, Wilmington, Delaware. Counsel for Defendant.

September 25, 2024
Wilmington, Delaware

**HALL, U.S. District Judge:**

I.       **INTRODUCTION**

Plaintiff Terri Reylek, proceeding *pro se*, filed a Complaint against Defendant Anthony J. Albence on August 25, 2023. (D.I. 1.) The matter was reassigned to me in January 2024. Defendant moved to dismiss the Complaint for lack of subject matter jurisdiction (D.I. 21), and Plaintiff responded (D.I. 22). Upon review of the Complaint, and with the benefit of adversarial briefing, I will grant Defendant's motion to dismiss for the reasons set forth below.

II.      **BACKGROUND**

The Complaint alleges that, between July 7, 2020, and May 9, 2023, in Kent County, Delaware, Defendant, in his official capacity as the Election Commissioner of Delaware, violated the U.S. Constitution and federal and state laws. (D.I. 1 at 3–6.)

According to the Complaint, in September 2018, ES&S voting machines were approved for use in 2019 Delaware school board elections. (*Id.* at 13.) These machines were subsequently used in Delaware elections in 2020 and thereafter. (*Id.* at 4.) The Complaint alleges that these voting machines are "unlawfully certified" because of "the expiration of the certification of accreditations of VSTLS [voting system test laboratories]" and "the lack of legal signature per HAVA." (*Id.* 4–5.) Additionally, the Complaint alleges that the voting machines "have countless documented security vulnerabilities [and no] transparent processes for the public to view," such that "voters are unable to verify that their intended vote is tabulated accurately in the voting systems." (*Id.*)

In March 2022, Plaintiff sent an email to Defendant, in which Plaintiff stated that she and other citizens of Delaware would have more faith in the election process "if we were to use paper

1

only." (D.I. 1-1 at 2.)  She enclosed with the message a thirty-eight-page document, which she asked Defendant to review, explaining that it was "an affidavit that is currently in court for defamation due to the recent ruling in the Dominion case" which would prove "that the machines are manufactured for indetectable fraud." (*Id.*)  In June 2022, Plaintiff sent Defendant another email, which began, "I'm writing to petition you for the use of only paper ballots in the upcoming November 2022 Election.  I strongly request that no electronic voting systems be used at all." (D.I. 1-3 at 2.)  With the message, Plaintiff resent Defendant the affidavit that she had attached to her March 2022 email, and she also included a new declaration and other supporting documentation for her position. (*Id.* at 5.)  In July 2022, Plaintiff sued Defendant in Kent County Superior Court to challenge the continued use of ES&S voting machines in Delaware.  (D.I. 1 at 14.)  *See Reylek v. Albence*, No. K22M-07-010 NEP, 2023 WL 4633411 (Del. Super. Ct. July 19, 2023).

      Based on the foregoing, the Complaint alleges that Defendant "ignored facts proving that the election machines/systems utilized in Delaware elections are not certified in compliance with Federal and State code." (*Id.* at 4.)  The Complaint further alleges that Defendant violated constitutional, federal, and state laws by "administer[ing] elections with non-HAVA compliant voting system equipment software," *id.* at 6, and asserts that if Defendant cannot "show verifiable evidence of tabulated accuracy, elections conducted in this manner are neither free nor fair," *id.* at 4.  According to the Complaint, this has caused Plaintiff duress, diluted her vote, and interfered with her right to participate in free and fair elections, because she has been required to use "potentially vulnerable, and proven illegal voting machines/systems" when voting in Delaware elections since 2020.  (*Id.* at 7.)

The relief requested in the Complaint "is the injunctive relief denied by the Superior Court of Kent County, Delaware," specifically: (1) "an emergency injunction that the ES&S voting system/machines in the State of Delaware NOT be used for another election until the issues regarding the voting system/machines certification can be publicly rectified"; (2) "an emergency injunction, that all of the data and/or information of the voting systems and/or equipment from the 2020 elections forward be preserved intact without tampering, nor deletion"; and (3) "an emergency temporary restraining order for [Defendant] and the Department of Elections to preserve all election records/ballots/documentation/correspondence from 2020 forward." (*Id.* (emphasis in original).)

### III.   LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." Standing is a threshold jurisdictional issue. *See St. Thomas-St. John Hotel & Tourism Ass'n, Inc. v. Government of the U.S. Virgin Islands*, 218 F.3d 232, 240 (3d Cir. 2000). "To establish constitutional standing, a plaintiff must show (1) [she] has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Freedom from Religion Found. Inc. v. New Kensington Arnold Sch. Dist.*, 832 F.3d 469, 476 (3d Cit. 2016) (cleaned up) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)). If those requirements are not met, the case must be dismissed for lack of subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998).

## IV. DISCUSSION

Plaintiff may very well have a genuine interest in the integrity of the election process as a citizen and as a voter. Yet, even when viewed in the light most favorable to Plaintiff, the Complaint only articulates "the kind of generalized grievance" that is "common to all members of the public" without showing that Plaintiff "is in danger of suffering any particular concrete injury as a result of" the actions alleged. *United States v. Richardson*, 418 U.S. 166, 176–77 (1974); *Lance v. Coffman*, 549 U.S. 437, 442 (2007); *Hotze v. Hudspeth*, 16 F.4th 1121, 1124 (5th Cir. 2021). Because Plaintiff asserts no particularized stake in the litigation, she lacks standing, and dismissal is warranted.

## V. CONCLUSION

For the above reasons, the Court will grant Defendant's motion to dismiss the Complaint. (D.I. 21.)

An appropriate Order will be entered.

4